# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1652 | **DATE** | 7/12/2002 |
| **CASE TITLE** | GRULLON vs. D.E.A., Vanacora | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' Rule 12(b)(1) motion to dismiss is granted. Plaintiff's FTCA claims for false arrest, false imprisonment, negligence and wilful and wanton conduct are dismissed with prejudice and his malicious prosecution claim is dismissed without prejudice. Defendants' Rule 12(b)(6) motion to dismiss is also granted and plaintiff's Fourth Amendment claims are dismissed with prejudice. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUL 15 2002 | 18 |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | 15 | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | |
| | | date mailed notice | |
| TBK | courtroom deputy's initials | U.S. DISTRICT COURT CLERK | |
| | | 02 JUL 12 AM 9: 55 | |
| | | FILED ED 10 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DOCKETED
JUL 1 5 2002

RAFAEL GRULLON,                     )
                                    )
      **Plaintiff,**                )
                                    )
    v.                              )   **No. 00 C 1652**
                                    )   **Paul E. Plunkett, Senior Judge**
**DRUG ENFORCEMENT**                )
**ADMINISTRATION EXECUTIVE**        )
**DIRECTOR JOSEPH VANACORA, et al.,** )
                                    )
      **Defendants.**               )

## MEMORANDUM OPINION AND ORDER

Plaintiff claims that defendants committed a variety of state and federal torts against him. Defendants have filed Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) motions to dismiss the first amended complaint. For the reasons set forth below, the motions are granted.

### Facts

Defendants are the United States Drug Enforcement Administration ("DEA") and a number of its employees. (First Am. Compl. ¶¶ 4-6.) On July 10, 1997, the individual defendants searched plaintiff's home and arrested him for possession of a controlled substance with intent to deliver. (Id. ¶¶ 8-9.) Subsequently, plaintiff prevailed on a motion to suppress the evidence that was seized, and the charges against him were dismissed. (Id. ¶¶ 14-15.) Plaintiff now seeks to hold defendants



responsible for negligence, wilful and wanton conduct,[1] false arrest, false imprisonment, malicious prosecution and for violating the Fourth Amendment.

## Rule 12(b)(1) Motion

### The Legal Standard

In their Rule 12(b)(1) motion, defendants attack the factual basis for the Court's jurisdiction. To resolve the motion, we may "look beyond the jurisdictional allegations of the complaint to determine whether in fact subject matter jurisdiction exists." Sapperstein v. Hager, 188 F.3d 852, 855 (7th Cir. 1999) (internal quotation marks, alterations and citation omitted). If the defendant submits evidence that casts doubt on the Court's jurisdiction, the "presumption of correctness" usually accorded to jurisdictional allegations disappears. Id. at 856. In the end, plaintiff bears the burden of establishing the existence of federal jurisdiction by competent proof. Id. at 855.

### Discussion

Defendants' argument with respect to plaintiff's state tort claims has two steps. First, they say that those claims must be construed as Federal Tort Claims Act ("FTCA") claims against the United States. Second, they say the Court has no jurisdiction over the FTCA claims because plaintiff failed to exhaust his administrative remedies. The Court agrees with both contentions.

The FTCA is the exclusive remedy for "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the

---

[1]The Court construes plaintiff's gross negligence claim as a claim for wilful and wanton conduct.

Government while acting within the scope of his office of employment." 28 U.S.C. § 2679. Moreover, the government itself, not its agencies or employees, is the only proper defendant in an FTCA suit. 28 U.S.C. §§ 2674, 2679(a), (b). Thus, suing the government under the FTCA is plaintiff's only route to recovery for the common law torts he alleges.

Plaintiff has viable FTCA claims, however, only if he filed an administrative claim with the DEA within two years of the date his causes of action accrued. 28 U.S.C. § 2675(a) ("An action shall not be instituted . . . against the United States for money damages for . . . the negligent or wrongful act or omission of an employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency . . . ."); 28 U.S.C. § 2401 ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."). Thus, to determine whether plaintiff's claims are timely, we must determine when each of them accrued.

According to Illinois law, a cause of action accrues "when facts exist that authorize the bringing of the action." Namur v. Habitat Co., 691 N.E.2d 782, 786 (Ill. App. Ct. 1998). The factual basis for plaintiff's false arrest claim, that defendants arrested him without having a reasonable basis for doing so, see Meerbrey v. Marshall Field & Co., 564 N.E.2d 1222, 1231 (Ill. 1990), existed on the date of his arrest. His false arrest claim, therefore, accrued on July 10, 1997.

Plaintiff admits that he did not file a claim with the DEA within two years of the date of his arrest. (Pl.'s Mot. Deny Def.'s Mot. Dismiss First Am. Compl. ¶ 20.) He argues, however, that the limitations period should be tolled in this case for equitable reasons. Plaintiff, who was detained in a county jail and prosecuted by the State of Illinois, says he did not discover until the end of 2001

that he had been arrested by federal agents. Under the circumstances, he argues, the two-year limitations period should be tolled until the date he made that discovery.

Though plaintiff does not mention it, the FTCA contains a tolling provision that addresses precisely this situation. In relevant part, the statute states:

> Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if –
> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
> (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5). In other words, when a claimant becomes aware that his injury was caused by a federal employee after the two-year limitations period has expired, he can still pursue his claim if his lawsuit was filed within the limitations period and he files the administrative claim promptly after the case is dismissed.

In the face of this clearly expressed Congressional intent to allow only limited tolling of the FTCA's jurisdictional statute of limitations, we cannot engraft a more liberal exception onto the statute. Thus, plaintiff's false arrest claim is timely only if it falls within the FTCA's tolling provision. It does not. Plaintiff filed his false arrest claim on March 17, 2000,[2] more than two and one-half years after it accrued. As a result, the claim is time-barred and must be dismissed.

The FTCA's tolling provision also does not save plaintiff's false imprisonment claim. To state a false imprisonment claim, plaintiff must allege that defendants unreasonably restrained him

---

[2]Technically, plaintiff's complaint was not filed until June 1, 2000, when his application to proceed in forma pauperis ("IFP") was granted. When such an application is granted, however, the complaint is deemed to have been filed, for statute of limitations purposes, on the date the Clerk of the Court received it, in this case, March 17, 2000. See LR 3.3(d).

against his will. Meerbrey, 564 N.E.2d at 1231. Plaintiff would have been aware that he was being

unreasonably restrained on July 10, 1997, the day the restraint began. (First Am. Compl. ¶¶ 10-11.)

Because plaintiff's false imprisonment claim accrued more than two years before he filed this suit,

it must also be dismissed.

Plaintiff's negligence and wilful and wanton conduct claims suffer the same fate. To state

a claim for negligence, plaintiff must allege that defendants owed him a duty of care, they breached

that duty and he was injured as a proximate result of the breach. Widlowski v. Durkee Foods, 562

N.E.2d 967, 968 (Ill. 1990). To state a claim for willful and wanton conduct, plaintiff must allege

that defendants intentionally injured him or that they acted with a "reckless disregard for [his] safety

. . . such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it

or a failure to discover the danger through recklessness, or carelessness when it could have been

discovered by ordinary care." O'Brien v. Township High Sch. Dist. 214, 415 N.E.2d 1015, 1018

(Ill.1980) (internal quotation marks and citation omitted). To the extent defendants breached a duty

to plaintiff, or intentionally or recklessly injured him, they did so when they arrested him and caused

the Illinois authorities to imprison him. Because those events happened, if at all, more than two

years before he filed this suit, the negligence and wilful and wanton conduct claims are also barred.

Plaintiff's malicious prosecution claim, however, remains viable. To state such a claim,

plaintiff must allege that defendants maliciously started or continued the criminal case against him,

the case was terminated in his favor, there was no probable cause for it and he was damaged as a

result. Gonzalez v. Chicago Steel Rule Die & Fabricators Co., 436 N.E.2d 603, 604 (Ill. App. Ct.

1982). Thus, plaintiff could not bring a malicious prosecution claim until the criminal case was

terminated in his favor. According to the first amended complaint, that happened on March 25,

1999, less than a year before plaintiff filed this suit. Plaintiff's malicious prosecution claim, therefore, is timely within the meaning of 28 U.S.C. § 2679(d)(5). Though plaintiff's failure to exhaust his administrative remedies divests us of jurisdiction over this claim, he may pursue it in a subsequent suit, after he exhausts his administrative remedies in accordance with the statute.

## Rule 12(b)(6) Motion

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## Discussion

Unlike his common law claims, plaintiff's Fourth Amendment Bivens[3] claims are not subject to the FTCA. See 28 U.S.C. § 2679(b)(2)(A) (FTCA does not apply to claims brought "for a violation of the Constitution of the United States"). They are, however, subject to a two-year statute of limitations. Delgado-Brunet v. Clark, 93 F.3d 339, 342 (7th Cir. 1996) (stating that Illinois' two-year statute of limitations for personal injury actions applies to Bivens claims). Plaintiff did not file claims against the individual defendants until February 4, 2002, nearly five years after his unlawful search and seizure claims accrued. But, for the reasons discussed above, he argues that the statute

---

[3]Because defendants are federal actors, we have construed plaintiffs' 42 U.S.C. § 1983 claims as claims pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

of limitations was equitably tolled until late 2001, when he discovered that the defendants were federal agents.

When federal courts borrow a state statute of limitations, as they do for <u>Bivens</u> claims, they apply the state, rather than the federal, doctrine of equitable tolling. <u>Shropshear v. City of Chicago</u>, 275 F.3d 593, 596 (7th Cir. 2001). Under Illinois law, a statute of limitations may be equitably tolled "if defendant has actively misled plaintiff; plaintiff in some extraordinary way has been prevented from asserting his rights; or plaintiff has timely asserted his rights mistakenly in the wrong forum." <u>Block v. Pepper Constr. Co.</u>, 710 N.E.2d 85, 90 (Ill. App. Ct. 1999) (internal quotation marks and citation omitted). Plaintiff does not allege that defendants actively misled him or that he was "in some extraordinary way" prevented from filing his claims. Rather, he says he assumed that he had been arrested by state agents and did not investigate the validity of that assumption until four years after his arrest. (Mot. Deny Def.'s Mot. Dismiss First Am. Compl. ¶¶ 4-18.) Those circumstances do not merit equitable tolling of the statute of limitations on his <u>Bivens</u> claims. As a result, plaintiff's Fourth Amendment claims are untimely and must be dismissed.

## Conclusion

For the reasons set forth above, defendants' Rule 12(b)(1) motion to dismiss is granted. Plaintiff's FTCA claims for false arrest, false imprisonment, negligence and wilful and wanton conduct are dismissed with prejudice and his malicious prosecution claim is dismissed without prejudice. Defendants' Rule 12(b)(6) motion to dismiss is also granted and plaintiff's Fourth Amendment claims are dismissed with prejudice. This is a final and appealable order.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** July 12, 2002